FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL S.,[1] | No. 2:20-cv-00080-MKD |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 13, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 13, 15. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1   is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

2   motion, ECF No. 13, and grants Defendant's motion, ECF No. 15.

### JURISDICTION

4       The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

### STANDARD OF REVIEW

6       A district court's review of a final decision of the Commissioner of Social

7   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8   limited; the Commissioner's decision will be disturbed "only if it is not supported

9   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

10  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

11  reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

12  (quotation and citation omitted).  Stated differently, substantial evidence equates to

13  "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

14  citation omitted).  In determining whether the standard has been satisfied, a

15  reviewing court must consider the entire record as a whole rather than searching

16  for supporting evidence in isolation.  *Id.*

17      In reviewing a denial of benefits, a district court may not substitute its

18  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

19  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

20  rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

"where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

*Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C. §

1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER - 3

416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  20

C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis

proceeds to step two.  At this step, the Commissioner considers the severity of the

claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

"any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to

step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

this severity threshold, however, the Commissioner must find that the claimant is

not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to

severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §

416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and

award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the

severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

1   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2   defined generally as the claimant's ability to perform physical and mental work

3   activities on a sustained basis despite his or her limitations, 20 C.F.R. §

4   416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

5          At step four, the Commissioner considers whether, in view of the claimant's

6   RFC, the claimant is capable of performing work that he or she has performed in

7   the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

8   capable of performing past relevant work, the Commissioner must find that the

9   claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

10  performing such work, the analysis proceeds to step five.

11         At step five, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing other work in the national economy.

13  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

14  must also consider vocational factors such as the claimant's age, education and

15  past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

16  Commissioner must find that the claimant is not disabled.  20 C.F.R. §

17  416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis

18  concludes with a finding that the claimant is disabled and is therefore entitled to

19  benefits.  *Id.*

20

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On August 4, 2015, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of March 1, 2010.[2] Tr. 15, 75, 184-206. The application was denied initially, and on reconsideration. Tr. 90-98; Tr. 100-02. Plaintiff appeared unrepresented before an administrative law judge (ALJ) on September 20, 2018; he then obtained a representative and appeared before the ALJ on January 3, 2019. Tr. 30-69. On January 28, 2019, the ALJ denied Plaintiff's claim. Tr. 12-29.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 4, 2015. Tr. 17. At step

---

[2] Plaintiff previously applied for Supplementary Security Income and Social Security Disability benefits; both applications were denied on December 16, 2011 and Plaintiff did not appeal the denial. Tr. 15.

ORDER - 6

two, the ALJ found that Plaintiff has the following severe impairments: affective

related disorder (persistent depressive disorder versus major depressive disorder);

anxiety related disorders (anxiety disorder, generalized anxiety disorder, and

panic); social communication disorder versus fluency disorder; and personality

disorder (schizoid/dependent personality).  Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] can perform simple, routine tasks and follow short, simple
> instructions.  He can do work that needs little or no judgment and can
> perform simple duties that can be learned on the job in a short period.
> [Plaintiff] requires a work environment with minimal supervisor
> contact (Minimal contact does not preclude all contact, rather it means
> contact does not occur regularly.  Minimal contact also does not
> preclude simple and superficial exchanges and it doesn't preclude
> being in proximity to the supervisor).  He can work in proximity to
> co-workers but not in a cooperative or team effort.  [Plaintiff] requires
> a work environment that has no more than superficial interactions
> with co-workers.  He requires a work environment that is predictable
> and with few work setting changes, and further requires a work
> environment without public contact.

Tr. 19-20.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 23.  At

step five, the ALJ found that, considering Plaintiff's age, education, work

experience, RFC, and testimony from the vocational expert, there were jobs that

ORDER - 7

existed in significant numbers in the national economy that Plaintiff could perform, such as hand packager, auto detailer, and store laborer. Tr. 24. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. *Id.*

On January 10, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ properly evaluated Plaintiff's symptom claims. ECF No. 13 at 2.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of Lance Harris, Ph.D.; Renee Eisenhauer, Ph.D.; John Arnold, Ph.D.; John Gilbert, Ph.D, and Cathleen MacLennan, Ph.D. ECF No. 13 at 4-16.

ORDER - 8

1    There are three types of physicians: "(1) those who treat the claimant

2  (treating physicians); (2) those who examine but do not treat the claimant

3  (examining physicians); and (3) those who neither examine nor treat the claimant

4  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

5  *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

6  Generally, a treating physician's opinion carries more weight than an examining

7  physician's, and an examining physician's opinion carries more weight than a

8  reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight

9  to opinions that are explained than to those that are not, and to the opinions of

10  specialists concerning matters relating to their specialty over that of

11  nonspecialists." *Id.* (citations omitted).

12    If a treating or examining physician's opinion is uncontradicted, the ALJ

13  may reject it only by offering "clear and convincing reasons that are supported by

14  substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

15  "However, the ALJ need not accept the opinion of any physician, including a

16  treating physician, if that opinion is brief, conclusory and inadequately supported

17  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

18  (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

19  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

20  may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

    1.  *Dr. Harris and Dr. Eisenhauer*

On May 24, 2011, Dr. Harris, an examining psychologist, examined Plaintiff and provided an opinion on Plaintiff's functioning.  Tr. 318-26.  Dr. Harris diagnosed Plaintiff with pervasive developmental disorder not otherwise specified, and rule out diagnoses of autism, and personality disorder not otherwise specified with borderline and narcissistic features.  Tr. 321.  Dr. Harris opined Plaintiff's poor judgment and lack of empathy cause marked limitations in his ability to perform work activities, while his anger causes a severe limitation.  Tr. 320.  Dr. Harris opined Plaintiff had a Global Assessment of Functioning score of 45, based on "chronic and likely non-remediable interpersonal and social mental health problems," a lack of support group, poor judgment, and minimal insight.  Tr. 321.  He opined Plaintiff had moderate limitations in his ability to understand, remember, and follow simple instructions, perform routine tasks, interact appropriately with the public, and care for himself; and he has marked limitations in his ability to understand, remember, and follow complex instructions, learn new tasks, exercise judgment and make decisions, respond appropriately to and tolerate

ORDER - 10

1  the pressures and expectations of a normal work setting, and maintain appropriate

2  behavior in a work setting.  Tr. 322.  Dr. Harris further opined Plaintiff "is unable

3  to do any meaningful work," though he may benefit from treatment and working

4  with the Division of Vocational Rehabilitation, and opined Plaintiff's limitations

5  would last a minimum of six months up to his entire lifetime.  Tr. 322-23.  The

6  ALJ did not address Dr. Harris' opinion.  As Dr. Harris' opinion is contradicted by

7  the opinion of Dr. Gilbert, Tr. 83-87, the ALJ would be required to give specific

8  and legitimate reasons to reject Dr. Harris' opinion if it was admitted evidence.

9  *See Bayliss*, 427 F.3d at 1216.

10      On May 26, 2011, Dr. Eisenhauer, a reviewing psychologist, reviewed Dr.

11  Harris' evaluation and opinion, and found Plaintiff should be approved for pre-SSI

12  benefits "for 12.10."  Tr. 327.  The ALJ did not address Dr. Eisenhauer's opinion.

13  As Dr. Eisenhauer is a non-examining source, the ALJ would be required to

14  consider the opinion and whether it is consistent with other independent evidence

15  in the record if it was admitted evidence.  *See* 20 C.F.R. § 416.927(b),(c)(1);

16  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Lester*, 81 F.3d at 830-

17  31.

18      The ALJ stated any evidence from the time period prior to the date of

19  Plaintiff's prior denial of benefits, December 16, 2011 was exhibited but not

20  admitted for consideration of the claim before him, as the prior decision was

ORDER - 11

administratively final and the evidence was not material to the current claim.  Tr.

15.  Evidence from outside the relevant period in a case is of limited relevance.

*Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see also*

*Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989) (report that predated period at issue

was relevant only to proving Plaintiff's condition had worsened); *Johnson v.*

*Astrue*, 303 F. App'x 543, 545 (9th Cir. 2008) (affirming ALJ's rejection of

medical opinions that were remote in time, and reliance on more recent opinions);

*Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (date of

social worker's opinion rendered more than a year after the date last insured was a

germane reason to not address the opinion).

At the 2019 hearing, the ALJ stated that he would exhibit but not admit all

of the records related to the time period before December 2011, which contain Dr.

Harris and Dr. Eisenhauer's opinions. Tr. 59.  Plaintiff's representative did not

object to the exclusion of the evidence at the hearing.  Plaintiff presently makes no

argument that the ALJ erred by excluding the evidence.  An ALJ does not have to

address evidence upon which he did not rely.  Hearings, Appeals, and Litigation

Law Manual (HALLEX), HALLEX § I-2-1-13(f).  As the ALJ did not admit the

records containing Dr. Harris and Dr. Eisenhauer's opinions, and did not rely on

the opinions in making his decision, he was not required to address the opinions.

1    Further, any error in rejecting the opinions would be harmless.  *See Molina,*

2  674 F.3d at 1115.  Dr. Harris and Dr. Eisenhauer rendered their opinions in May

3  2011; Plaintiff argues the opinions are relevant because they were offered after

4  Plaintiff's alleged onset date, ECF No. 13 at 6, however the opinions were

5  rendered during a period that an administratively final decision found Plaintiff was

6  not disabled and the decision is outside the time period for reopening, Tr. 15.  As

7  the opinions were rendered during a period Plaintiff cannot be found disabled, and

8  they were rendered more than four years before the current protective filing date,

9  the opinions are of limited value.  *See Carmickle.*, 533 F.3d at 1165.  Plaintiff

10  argues the opinions of Dr. Harris and Dr. Eisenhauer are consistent with the

11  medical records and opinions in later evidence, and therefore the opinions are

12  relevant to the current period.  ECF No. 3 at 6-7.  However, the ALJ's decision,

13  including the rejection of the opinions from the relevant time period, is supported

14  by substantial evidence for the reasons discussed *infra.*

15    *2.  Dr. Arnold*

16    On October 28, 2015, Dr. Arnold, an examining psychologist, examined

17  Plaintiff and provided an opinion on his functioning.[3]  Tr. 333-37.  Dr. Arnold

18  _____

19  [3] The Court notes Phyllis Sanchez, Ph.D., reviewed Dr. Arnold's opinion and

20  rendered an opinion on November 2, 2015.  Tr. 338-39.  The ALJ did not address

ORDER - 13

diagnosed Plaintiff with persistent depressive disorder, late onset; unspecified

anxiety disorder with panic features; schizoid/dependent personality features, rule

out schizoid/dependent personality disorder; and rule out autism spectrum disorder.

Tr. 334.  Dr. Arnold opined Plaintiff has moderate limitations in his ability to

understand, remember, and persist in tasks by following very short and simple

instructions, perform routine tasks without special supervision, make simple work-

related decisions, and ask simple questions or request assistance; and marked

limitations in his ability to understand, remember, and persist in tasks by following

detailed instructions, perform activities within a schedule, maintain regular

attendance, and be punctual within customary tolerances without special

supervision, learn new tasks, adapt to changes in a routine work setting, be aware

of normal hazards and take appropriate precautions, communicate and perform

effectively in a work setting, maintain appropriate behavior in a work setting,

---

Dr. Sanchez's opinion.  However, Plaintiff did not raise any challenge to the ALJ's

failure to address Dr. Sanchez's opinion.  Thus, any challenge to those findings is

waived.  *See Carmickle*, 533 F.3d at 1161 n.2 (determining Court may decline to

address on the merits issues not argued with specificity); *Kim*, 154 F.3d at 1000

(the Court may not consider on appeal issues not "specifically and distinctly

argued" in the party's opening brief).

ORDER - 14

1    complete a normal workday/workweek without interruptions from psychologically

2    based symptoms, and set realistic goals and plan independently.  Tr. 335.  Dr.

3    Arnold opined Plaintiff's impairments overall cause marked limitations, and his

4    limitations are expected to last 18 months.  Tr. 335-36.  The ALJ gave Dr.

5    Arnold's opinion some weight.  Tr. 22.  As Dr. Arnold's opinion is contradicted by

6    the opinion of Dr. Gilbert, Tr. 83-87, the ALJ was required to give specific and

7    legitimate reasons to reject Dr. Arnold's opinion.  *See Bayliss*, 427 F.3d at 1216.

8         First, the ALJ found Dr. Arnold's opinion that Plaintiff had marked

9    limitations in multiple areas of functioning was inconsistent with Plaintiff's

10   activities of daily living.  Tr. 22.  An ALJ may discount a medical source opinion

11   to the extent it conflicts with the claimant's daily activities.  *Morgan v. Comm'r of*

12   *Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  The ALJ noted Plaintiff

13   was able to maintain a schedule, help care for his mother and aunt, perform a wide

14   range of daily tasks, use a white board to organize and plan ahead, and maintain

15   close relationships.  Tr. 22, 506, 512-13.  Plaintiff testified at the hearing that he

16   acts as a full-time caregiver for his aunt and mother, handles the household chores,

17   cares for a cat, prepares meals, and goes to the store and pharmacy, though he

18   reported needing someone to provide him with a list of the tasks that need to be

19   done.  Tr. 22, 51-52.  Plaintiff reported having had two live-in girl friends in the

20   past, and having a current significant other whom he met online.  Tr. 22, 506, 508.

1  Plaintiff argues the ALJ offered only a conclusory statement that Plaintiff's

2  activities were inconsistent with Dr. Arnold's opinion, ECF No. 13 at 9-11,

3  however the ALJ offered several paragraphs analyzing Plaintiff's activities and

4  explaining inconsistencies between Plaintiff's alleged limitations and his activities,

5  Tr. 22.  This was a specific and legitimate reason, supported by substantial

6  evidence, to reject the opinion.

7      Second, the ALJ found Plaintiff's poor effort on examinations with Dr.

8  Arnold and Dr. MacLennan caused Dr. Arnold's examination to lack reliability.

9  Tr. 22.  Evidence that a claimant exaggerated his symptoms is a specific and

10  legitimate reason to reject the doctor's conclusions.  *Thomas,* 278 F.3d at 958.  An

11  ALJ may consider the consistency of an individual's own statements made in

12  connection with the disability-review process with any other existing statements or

13  conduct.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  At Dr. Arnold's

14  examination, Plaintiff scored three out of 15 on the Rey test, which Dr. Arnold

15  noted indicated "questionable effort," and Plaintiff discontinued the Trails test

16  early, stating he did not understand the task, Tr. 334.  Dr. MacLennan stated

17  Plaintiff's "extremely poor performance" on her mental statue examination was

18  "extremely unlikely unless a person is intentionally faking bad."  Tr. 397.  Dr.

19  MacLennan noted Plaintiff reported having an unusually high number and

20  frequency of symptoms, and the number of problems/symptoms he reported

ORDER - 16

experiencing most or all of the time are "quite unlikely in combination" and stated she could not determine what his diagnosis was due to "apparent exaggeration of all symptoms" and "poor effort."  Tr. 399-400.  She stated the noted discrepancies suggest he exaggerated his symptoms and intentionally underperformed, although no formal or objective symptom validity testing was performed.  Tr. 400.  Plaintiff argues the ALJ failed to explain how his "poor performance on the Rey test" rendered Dr. Arnold's opinion less reliable.  ECF No. 13 at 11.  However, the ALJ's analysis that Dr. Arnold's opinion could not be adopted because it was based upon objective results that lack reliability was a specific and legitimate reasons, supported by substantial evidence, to reject the opinion.

Plaintiff argues the ALJ erred in stating Dr. Arnold opined Plaintiff had a moderate limitation in learning new tasks when the opinion reflects a marked limitation in learning new tasks.  ECF No. 13 at 9 (citing Tr. 22, 335).  As discussed above, the ALJ gave specific and legitimate reasons to reject the marked limitations; as such, any error in noting a single area of functioning was moderate rather than marked would be harmless.  *See Molina,* 674 F.3d at 1115.  Plaintiff also argues the ALJ erred by not addressing Dr. Arnold's opinion that Plaintiff would be moderately limited in his ability to perform routine tasks without special supervision, as it supported a conclusion that Plaintiff would need a more structured work environment than provided for in the RFC.  ECF No. 13 at 9.

ORDER - 17

However, a "moderate limitation" indicates an individual has a "fair" ability to function in an area independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. § 404, Subpart P, Appendix 1. Plaintiff does not point to any specific limitation the ALJ failed to include in the RFC, and the RFC includes multiple limitations to account for a structured work environment, including a limitation to simple, routine tasks, and a limitation to a work environment that is predictable and with few work setting changes, Tr. 19-20. Plaintiff has not demonstrated any error in the ALJ's consideration of Dr. Arnold's opinion that Plaintiff has a moderate limitation in performing routine tasks without special supervision.

   *3. Dr. Gilbert*

   On August 1, 2017, Dr. Gilbert, a State agency psychological consultant, rendered an opinion in Plaintiff's reconsideration disability determination. Tr. 82-87. The determination lists autism spectrum disorder and anxiety/obsessive-compulsive disorders as severe impairments, Tr. 82, but then states there is insufficient evidence to substantiate the presence of autism spectrum disorder, and Dr. Gilbert noted autism spectrum disorder was a rule out diagnosis, Tr. 83. Dr. Gilbert opined Plaintiff had: moderate limitations in his ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary

tolerances, complete a normal workday/workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting; marked limitations in his ability to interact appropriately with the general public; and no significant limitations in the others areas of functioning. Tr. 85-87. Dr. Gilbert further opined Plaintiff's concentration, persistence or pace is diminished at times due to mental health symptoms, but he would be able to complete routine tasks over a normal eight-hour workday with customary breaks; he should not work with the general public and he would do best with independent work requiring only occasional interactions with supervisors and superficial interactions with coworkers; and he would do best with routine work. Tr. 85-86. The ALJ gave significant weight to the "State agency medical consultants' assessments." Tr. 23 (citing Tr. 70-74, 77-89). As Dr. Gilbert is a non-examining source, the ALJ must consider the opinion and whether it is consistent with other independent evidence in the record. *See* 20 C.F.R. § 416.927(b),(c)(1); *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

ORDER - 19

1    First, the Court notes the erroneously gave weight to a single decision maker

2    (SDM).  The ALJ gave significant weight to the opinions of the State agency

3    opinions contained within exhibits 1A and 4A, but exhibit 1A contains only the

4    signature of an SDM.  Tr. 73-74.  An ALJ may not accord any weight to a non-

5    physician SDM opinion.  *Morgan v. Colvin*, 531 Fed. App'x 793, 794-95 (9th Cir.

6    June 21, 2013) (unpublished) (citing Program Operations Manual System DI

7    24510.050).  However, Plaintiff did not challenge the ALJ giving weight to the

8    SDM.  Thus, any challenge to those findings is waived.  *See Carmickle*, 533 F.3d

9    1155, 1161 n.2; *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).  However, the

10   Court finds the ALJ's error is harmless, because the SDM's decision consisted of

11   the denial of benefits due to Plaintiff's failure to cooperate with the process.  Tr.

12   73.  As the SDM's decision was purely technical and not substantive, while the

13   ALJ made a substantive decision, any weight given to the SDM's decision is

14   harmless.  *See Molina,* 674 F.3d at 1115.

15   Next, Plaintiff argues the ALJ erred in rejecting Dr. Gilbert's opinion that

16   autism spectrum disorder is Plaintiff's primary severe impairment.  ECF No. 13 at

17   11-12.  The ALJ found autism spectrum disorder is not a medically determinable

18   serve impairment.  Tr. 18.  However, while the determination lists autism spectrum

19   disorder as a severe impairment, Tr. 82, it then states there is insufficient evidence

20   to substantiate the presence of autism spectrum disorder, and Dr. Gilbert noted

ORDER - 20

autism spectrum disorder was a rule out diagnosis, Tr. 83.  At the hearing,

Plaintiff's representative was unable to point to a diagnosis of autism spectrum

disorder from an acceptable medical source in the record.  Tr. 66-67.  Further, any

error would be harmless.  Even if Dr. Gilbert intended for his opinion to indicate

autism is a severe impairment, Dr. Gilbert opined Plaintiff has no or moderate

limitations in most areas of functioning, and only one marked limitation, and found

Plaintiff is capable of simple routine work with additional limitations.  Tr. 85-87.

As such, even when including the autism diagnosis, Dr. Gilbert did not give a

disabling opinion.  Therefore, any error in rejecting Dr. Gilbert's opinion would be

harmless.  *See Molina,* 674 F.3d at 1115.

   *4.  Dr. MacLennan*

   On July 19, 2017, Dr. MacLennan, an examining psychologist, examined

Plaintiff and provided an opinion on his functioning.  Tr. 394-401.  Dr. MacLennan

stated she could not diagnose Plaintiff with any diagnoses due to his exaggeration

of his symptoms and poor effort on the examination, but stated his presentation and

communication was consistent with autism spectrum disorder.  Tr. 400.  She stated

she was unable to develop an opinion as to Plaintiff's functioning due to the

discrepancies on examination suggesting he exaggerated symptoms and

intentionally underperformed, but noted no formal or objective symptom validity

testing was administered.  *Id.*  Dr. MacLennan opined that Plaintiff's mental status

ORDER - 21

examination "suggests concerns about cognitive or neurocognitive problems that might be a barrier to full time work," and based on Plaintiff's presentation, "he is not adaptable [or] resilient," and appears unable to handle his own funds. Tr. 398, 400. The ALJ did not state what weight he gave to Dr. MacLennan's opinion, but noted Dr. MacLennan did not offer a functional assessment. Tr. 23. As Dr. MacLennan's opinion is contradicted by the opinion of Dr. Gilbert, Tr. 83-87, the ALJ was required to give specific and legitimate reasons to reject Dr. MacLennan's opinion. *See Bayliss*, 427 F.3d at 1216.

While the ALJ did not specify the weight given to Dr. MacLennan's opinion, he stated the opinion failed to provide functional limitations. Tr. 23. An ALJ may reject an opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity." *See Morgan,* 169 F.3d at 601. Dr. MacLennan did not specify how Plaintiff's impaired resiliency or ability to adapt would impact his functioning, nor did she give an opinion as to his ability to handle funds in a work setting. Dr. MacLennan's opinion that Plaintiff's problems "may" pose a barrier to full-time employment also does not translate into a specific limitation. Tr. 398. This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. MacLennan's opinion. Further, any error in rejecting Dr. MacLennan's opinion would be

harmless as she did not set forth any specific functional limitations that would

impact the RFC.  *See Molina,* 674 F.3d at 1115.

In sum, the ALJ's rejection of the medical opinions of Dr. Harris, Dr.

Eisenhauer, Dr. Arnold, Dr. Gilbert, and Dr. MacLennan is supported by

substantial evidence.  Plaintiff is not entitled to remand on these grounds.

**B. Plaintiff's Symptom Claims**

Plaintiff contends the ALJ for failed to rely on reasons that were clear and

convincing in discrediting his symptom claims.  ECF No. 15 at 13-16.  An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

symptom claims)).  "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

924 (9th Cir. 2002)).

      Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 20.

### 1.  Activities of Daily Living

The ALJ found the Plaintiff's activities of daily living were inconsistent with his symptom claims.  Tr. 20-23.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13.

The ALJ found Plaintiff's robust slate of activities of daily living are inconsistent with his alleged limitations.  Tr. 22, 23.  The ALJ noted Plaintiff reported caring for his mother, brother, and aunt, performing household chores and repairs, reading, caring for pets, exercising, gardening, cooking, walking to the grocery store and pharmacy alone, and using a whiteboard to keep organized.  Tr. 20-23.  Plaintiff reported having had two live-in girl friends and presently having a significant other.  Tr. 22.  While Plaintiff argues the ALJ paraphrased the activities without explaining how they contradict his testimony, ECF No. 13 at 18, the ALJ found Plaintiff's activities demonstrate he is more capable than he alleges, Tr. 21.  While Plaintiff alleged he did not cook or clean without assistance, he also reported being the primary caretaker of others and the household.  Tr. 21-22 (citing Tr. 397-98, 485, 506).  Despite Plaintiff's allegations of disabling social limitations, and his report he did not know if he had ever had a relationship, he also reported having had two live-in girl friends and a current relationship.  Tr. 22 (citing Tr. 395, 506).  Plaintiff argues he is only able to perform activities with specific instructions from his family members, ECF No. 16 at 6, but Plaintiff reported performing his personal care without reminders or assistance, performing household chores with reminders, and going out alone two times per week to complete shopping.  Tr. 251-53.  On this record, the ALJ reasonably concluded that Plaintiff's activities of daily living were inconsistent with his symptom claims.

ORDER - 26

This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptoms complaints.

   *2.  Ability to Work*

   The ALJ found Plaintiff's willingness to work was inconsistent with his symptom claims.  Tr. 22.  Plaintiff does not address this issue, thus, any challenge to those findings is waived.  *See Carmickle.*, 533 F.3d at 1161 n.2 (determining Court may decline to address on the merits issues not argued with specificity); *Kim*, 154 F.3d at 1000 (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).  However, the Court considered the issue and finds the ALJ's analysis was supported by substantial evidence.  Plaintiff's own perception of his ability to work is a proper consideration in determining credibility.  *See Barnes v. Comm'r of Soc. Sec.*, No. 2:16-cv-00402-MKD, 2018 WL 545722 (E.D. Wash. Jan. 24, 2018) ("Evidence of Plaintiff's preparedness to return to work, even if an optimistic self-assessment, is significant to the extent that the Plaintiff is willing and able to work, as that belief indicates her allegation of symptoms precluding work are not credible.").

   Plaintiff reported he was willing to work if he knew his family would be cared for, but he felt he had to choose between working and caring for his mother and aunt.  Tr. 22 (citing Tr. 485).  Plaintiff reported an interest in becoming a caregiver, and taking classes so he can work from home.  Tr. 485.  The ALJ noted

that Plaintiff's reported willingness to work if his family had care demonstrates he is aware that he is capable of working but felt unable to do so because of his responsibilities at home. Tr. 22. On this record, the ALJ reasonably concluded that Plaintiff's reported ability to work was inconsistent with his symptom claims. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptoms complaints.

### 3. Objective Medical Evidence

The ALJ found Plaintiff's symptom claims were inconsistent with the objective evidence. Tr. 20-23. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601; *Burch*, 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

The ALJ noted Plaintiff underperformed at two different examinations, which lead to the examiners questioning Plaintiff's effort. Tr. 20-21. Even with the opinions that Plaintiff did not put forth full effort on examination, while Plaintiff had multiple abnormal results, he also had multiple normal findings at

each examination, including normal appearance, logical and progressive speech, normal thoughts and orientation, he did not appear to respond to internal stimuli, and he was polite and formal.  Tr. 20-21, 333-37, 394-401.  While Plaintiff alleges disabling mental health limitations, the ALJ noted Plaintiff had not consistently sought any treatment and dropped out of mental health treatment.  Tr. 21 (citing Tr. 338).  When he did seek treatment, Plaintiff reported improvement in his symptoms.  Tr. 21 (citing Tr. 364).  Plaintiff reported improvement in how he handles conflict, anxiety, and depression, and reported doing well in group therapy.  Tr. 362, 376.  Plaintiff reported a wide range of activities to the examiners and treating providers, which the ALJ found were inconsistent with Plaintiff's allegations as discussed *supra*.  Dr. MacLennan noted that based on her review of the record, Plaintiff functions at a higher level than he performed on her examination.  Tr. 400.

On this record, the ALJ reasonably concluded that the objective evidence was inconsistent with Plaintiff's symptom claims.  This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptoms complaints.

### 4. Symptom Exaggeration

The ALJ found Plaintiff exaggerated his mental health symptoms and limitations.  Tr. 20-23.  The tendency to exaggerate provided a permissible reason

for discounting Plaintiff's reported symptoms. *Tonapetyan v. Halter*, 242 F.3d

1144, 1148 (9th Cir. 2001) (The ALJ appropriately considered Plaintiff's tendency

to exaggerate when assessing Plaintiff's credibility, which was shown in a doctor's

observation that Plaintiff was uncooperative during cognitive testing but was

"much better" when giving reasons for being unable to work.). Moreover, in

evaluating symptom claims, the ALJ may utilize ordinary evidence-evaluation

techniques, such as considering prior inconsistent statements. *Smolen v. Chater*,

80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ noted Plaintiff exaggerated his symptoms/limitations at both Dr.

Arnold and Dr. MacLennan's examinations. Tr. 22-23. Dr. Arnold noted Plaintiff

put forth questionable effort, as indicated by his Rey test score. Tr. 21-22 (citing

Tr. 334). Dr. MacLennan noted Plaintiff's extremely poor performance was

unlikely unless he was intentionally faking it, and Plaintiff's reported combination

of symptoms and difficulties were quite unlikely, and she stated she was unable to

guess at Plaintiff's diagnosis because of his "apparent exaggeration of all

symptoms." Tr. 21 (citing Tr. 397-400). Plaintiff also inconsistently reported his

ability to perform tasks, such as cooking and cleaning, Tr. 21 (citing Tr. 397-98),

and inconsistently reported whether he had maintained any romantic relationships,

Tr. 22 (citing Tr. 395, 506). On this record, the ALJ reasonably concluded that

Plaintiff exaggerated his symptoms. This finding is supported by substantial

evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptoms complaints. Plaintiff is not entitled to remand on these grounds.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 30, 2020.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 31